**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES E. FLEMING,

     Petitioner-Appellant,

v.

STEVE HARGETT,

     Respondent-Appellee.

No. 98-6059
(D.C. No. CIV-97-653-C)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before SEYMOUR, Chief Judge, BRORBY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

James Fleming seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. He contends he was

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denied due process by the court's failure to instruct the jury on voluntary manslaughter and that he received ineffective assistance of trial and appellate counsel. Because Fleming has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

Fleming was tried in Oklahoma state court in 1994 for first degree murder, was convicted of the lesser-included offense of second degree murder, and was sentenced to thirty years' imprisonment. Fleming argued unsuccessfully in a motion for resentencing that his counsel was ineffective for failing to challenge the delay between his arrest and arraignment. Fleming appealed his conviction, arguing the trial court should have instructed the jury on first degree manslaughter. The Oklahoma Court of Criminal Appeals affirmed his conviction in a summary opinion on October 8, 1996. Fleming then filed an application for post-conviction relief in state court, alleging ineffective assistance by his trial and appellate counsel for failure to raise several issues. His assertions did not include failure to challenge the alleged delay between arrest and arraignment. The trial court denied relief and the state appellate court affirmed.

Fleming then filed this § 2254 action in federal court, contending failure to instruct the jury on voluntary manslaughter denied him due process and that he received ineffective assistance of counsel at trial and on direct appeal. The

district court adopted the magistrate's recommendation that relief be denied, concluding the state trial court's failure to give a voluntary manslaughter instruction did not conflict with federal law and that Fleming's ineffective assistance claims were without merit.

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief is unavailable on any claim adjudicated on its merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Fleming's voluntary manslaughter instruction claim was adjudicated on its merits in state court, and we conclude that adjudication was consistent with federal law.  Under clearly established federal law, due process requires a jury instruction on a lesser included offense only when the evidence warrants the instruction,  Hopper v. Evans , 456 U.S. 605, 610 (1982), and in a capital murder case where the jury would be forced into an all-or-nothing choice between capital murder and innocence if the instruction was not given.      See Schad v. Arizona , 501 U.S. 624, 646-47 (1991).  When a jury is given a choice between capital murder and second degree murder, instructions on other lesser included offenses are not

constitutionally required.   Id.  Here, because the trial court gave a second degree manslaughter instruction that was warranted by the evidence, the jury did not face an all-or-nothing choice between first degree murder and innocence.  Fleming was not denied due process.

Fleming raised his ineffective assistance claim for failure to challenge the alleged twelve-day delay between arrest and arraignment in state court in a motion for resentencing.  He did not exhaust his state court remedies.   See 28 U.S.C. § 2254(b)(1)(A).  Under § 2254(b)(2), we can deny the claim on the merits despite his failure to exhaust state remedies.  We conclude this claim is without merit.

Fleming relies on   County of Riverside v. McLaughlin   , 500 U.S. 44 (1991), to argue his pretrial detention was obviously unlawful and that counsel was ineffective for failing to challenge it.  The Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest, and a delay of more than forty-eight hours is generally unreasonable.   Id. at 56-59.  However, a conviction will not be vacated solely because the defendant was detained pending trial without a determination of probable cause.   Gerstein v. Pugh  , 420 U.S. 103, 119 (1975); United States v. Aranda-Hernandez   , 95 F.3d 977, 979-80 (10th Cir. 1996),   cert. denied 117 S. Ct. 1314 (1997).  Even if the pretrial detention was unlawful,

counsel could not have successfully challenged Fleming's prosecution or conviction on that basis. As Fleming has not shown the pretrial detention resulted in incriminating statements or otherwise prejudiced his defense, he has failed to show a challenge to the pretrial detention could have changed the result of the proceedings. Consequently, his ineffective assistance claim fails because he has not shown the performance of counsel prejudiced his defense. See Strickland v. Washington , 466 U.S. 668, 687 (1984).

The certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge